



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8906

August 14, 2024

**BY ECF**
Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Application **GRANTED**. All deadlines are stayed pending the Court's decision on Defendants' Motion to Dismiss.
>
> SO ORDERED. The Clerk of Court is respectfully requested to terminate ECF No. 15.
>
> *Dale E. Ho*
> Dale E. Ho
> United States District Judge
> New York, New York
> Dated: August 14, 2024

Re:    Lewis Y. Liu v. Kathleen Hochul et al., No. 1:24-cv-05137-DEH

Dear Judge Ho:

    This Office represents New York State Governor Kathleen Hochul, sued in her official capacity, the New York State Board of Elections ("NYS BOE"), and NYS BOE Co-Chairs Peter S. Kosinski and Henry T. Berger, sued in their official capacities (collectively, "Defendants"), in the above-referenced action. Pursuant to Rule 2(e) of this Court's Individual Practices, I write to respectfully request that the Court adjourn the initial pretrial conference, scheduled for September 5, 2024, pending the Court's decision on Defendants' August 8, 2024 motion to dismiss the Complaint (ECF No. 13). This is Defendants' first such request. Plaintiff consents to this adjournment request.

    An adjournment of the initial pretrial conference is appropriate because Defendants are likely to succeed in their motion to dismiss the Complaint in its entirety. This action challenges the constitutionality of the "winner-take-all" electoral system, by which New York and 47 other states award their presidential electors to the winner of the state's popular vote. As he has in previous lawsuits, Plaintiff seeks to use the federal courts to effect fundamental changes to the conduct of national elections. His claims are meritless, for at least two reasons. First, Plaintiff has not established Article III standing because he has not alleged a particularized injury or demonstrated that his grievances are redressable by a federal court. Second, as four Courts of Appeals have held in recent years, the "winner-take-all" system does not violate the Constitution, but is instead consistent with each state's plenary authority to determine how its electors are

Hon. Dale E. Ho  Page 2 of 2
August 14, 2024

allocated. See Baten v. McMaster, 967 F.3d 345, 348 (4th Cir. 2020); League of United Latin Am. Citizens v. Abbott, 951 F.3d 311, 313 (5th Cir. 2020); Lyman v. Baker, 954 F.3d 351, 355 (1st Cir. 2020); Rodriguez v. Newsom, 974 F.3d 998, 1002 (9th Cir. 2020).

    Defendants' success on either of these grounds would result in this case's dismissal and obviate the need for further pretrial practice or discovery. As such, the Court should avoid the possible waste of judicial and litigant resources on non-meritorious claims by adjourning the initial pretrial conference and staying discovery unless and until the Complaint survives a motion to dismiss.

    Thank you for your consideration of this request.

    Respectfully submitted,

    /s/ Patrick Baker
    Patrick Baker
    Assistant Attorney General

CC:    Counsel of Record (by ECF)